IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY E. BURTON, Jr.,

           **Petitioner,**

      v.                                CASE NO. 14-3064-SAC

(FNU) DOYLE, Warden,
et al.,

           **Respondents.**

## O R D E R

The initial pro se pleading filed in this case is on forms for "Petition under 28 U.S.C. § 2254 for writ of habeas corpus." Mr. Burton is a Texas state prison inmate confined at Coffield Unit, Tennesee Colony, Texas. The court finds that the petition and petitioner's Motion for Leave to Proceed in forma pauperis are defective and gives petitioner the opportunity to cure these defects or this action will be dismissed.

**FILING FEE**

The statutory fee for filing a federal habeas corpus petition is $5.00. Petitioner has submitted a motion to proceed in forma pauperis (IFP). A prisoner that has filed such a motion must also submit a certified accounting of the funds available to him in his institutional account. D.Kan.Rule 9.1(g);[1] see also Rule 3(a)(2) of

---

[1] D.Kan.Rule 9.1(g)(2)(A) provides:

1

the Rules Governing Section 2254 Cases in the United States District Courts (habeas petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."). Mr. Burton is required to provide the requisite certified accounting. If he fails to do so within the prescribed time, this action may be dismissed without further notice.

**PETITION**

The petition filed herein utterly fails to state a claim for federal habeas corpus relief under § 2254 for several reasons. First, this court has no jurisdiction over respondent "Attorney General of the State of Texas," and petitioner is not confined in this judicial district. Thus, this court has no authority over petitioner's custodian and can take no action upon his habeas corpus claim or claims.

Second, even if this were the proper venue for Mr. Burton's claims, he literally fails to present any ground for relief from his

---

Where a petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

Texas state conviction. He has submitted his petition upon 2254 forms, but has not answered a single question regarding any conviction he may be challenging or exhaustion of state court remedies.

Furthermore, six of the eight words written in the form petition suggest that Mr. Burton is not even attempting to challenge a state conviction or sentence. Under supporting facts for the blank Ground Two, petitioner states: "I was denied protection." The relief requested is "unit transfer." A complaint of either failure to protect or improper housing assignment is a claim regarding conditions of confinement. Such claims are not grounds for federal habeas corpus relief. In addition, this court has no jurisdiction over Texas prison officials who determine petitioner's unit assignment, and federal courts have no authority to order intra-prison transfers.[2]

Mr. Burton is given time to cure the foregoing deficiencies in his "petition."[3] If he fails to do so within the prescribed time, this action may be construed as a civil rights complaint and dismissed as frivolous and for failure to state a claim. Should it be so construed, he "shall" be assessed the full filing fee of $350.00 if

---

[2] If petitioner's only claim in this defective pleading involves his conditions of confinement, the filing fee is $350.00 rather than $5.00. In that event, he will be assessed the entire fee and it will be collected through payments deducted automatically from his institutional account.

[3] The court hesitates to simply deny this action as a petition under 28 U.S.C. § 2254 because of the provisions barring second and successive 2254 petitions.

3

his motion to proceed in forma pauperis is granted.

**IT IS THEREFORE ORDERED** that petitioner is given thirty (30) days in which to cure the deficiencies in his motion to proceed in forma pauperis and his "petition," or this matter may construed as a civil rights complaint and dismissed as frivolous and for failure to state a claim.

**IT IS SO ORDERED.**

Dated this 6th day of May, 2014, at Topeka, Kansas.

        **s/Sam A. Crow**
        **U. S. Senior District Judge**